FILED
United States Court of Appeals
Tenth Circuit

April 17, 2018

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAGDIEL SANCHEZ-URIAS,

    Defendant - Appellant.

No. 17-1166

_____

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:16-CR-00372-MSK-1)**
_____

Dean Sanderford, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Paul Farley, Assistant United States Attorney (Robert C. Troyer, Acting United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.
_____

Before **HARTZ**, **SEYMOUR**, and **PHILLIPS**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

Defendant Magdiel Sanchez-Urias pleaded guilty in the United States District

Court for the District of Colorado to illegally reentering the country after being deported.

*See* 8 U.S.C. § 1326(a).  The court imposed a sentence that included a $1,000 fine.

Defendant appeals, arguing that he cannot afford the fine.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm. Defendant bore the burden to show that he lacked the assets to pay the fine. But he refused to provide financial information at his presentence interview, and the district court did not clearly err in finding on the record before it that Defendant had not established his inability to pay.

Defendant's presentence investigation report (PSR), prepared on April 4, 2017, states that "[u]pon advice of counsel, [Defendant] did not provide financial information at the time of the presentence interview." R., Vol. 2 at 36. But the record contains other evidence of his financial status. Perhaps most helpful to him is the statement in the PSR that Laura Trevino—who had been in a "serious relationship" with Defendant for about a year—said that Defendant "ha[d] no assets or debts." *Id.* at 34, 36. Even if truthful, however, this statement was based on dated information: at sentencing in early May, defense counsel advised that the relationship had ended "some months" earlier. R., Vol. 3 at 42. More importantly, the record contains other evidence that Defendant had some financial wherewithal. The PSR reports that before his arrest he had been sending about $150 a week to his family and $100 a month to the mother of his child in Mexico. And the financial affidavit he submitted in December 2016 to obtain appointed counsel states that he was earning $3,000 a month, paid monthly rent of $900, and had more than $300 in a bank account.

The district court sentenced Defendant to time served and one year of supervised release, and imposed a mandatory $100 assessment and a $1,000 fine. Defendant objected to the fine, but the court overruled the objection.

We review a sentencing court's decision to impose a fine for "reasonableness

2

under a deferential abuse-of-discretion standard." *United States v. Sharp*, 749 F.3d 1267, 1291 (10th Cir. 2014). When a district court makes findings regarding a defendant's ability to pay a fine, we will reject those findings only if they are clearly erroneous. *See United States v. Perez-Jiminez*, 654 F.3d 1136, 1145 (10th Cir. 2011). "A factual finding is clearly erroneous if it lacks evidentiary support or if a review of the evidence leaves us with the definite and firm conviction that a mistake has been made." *United States v. Mirabal*, 876 F.3d 1029, 1032 (10th Cir. 2017) (internal quotation marks omitted).

Defendant argues that "the district court clearly erred in finding that [Defendant] had the ability to pay a $1,000 fine." Aplt. Br. at 5 (capitalization omitted). But that misstates the burden of persuasion on the issue of ability to pay. Under USSG § 5E1.2(a), a sentencing court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." [1] As the *defendant establishes* language suggests, it is a defendant's burden to show that he falls within the exception. *See Perez-Jiminez*, 654 F.3d at 1145. In other words, the district court need not find that the defendant had the ability to pay; rather, it need find only that the defendant had not established his inability to pay. To be sure, the district court said, "I infer from these facts that [Defendant] has the ability to pay a fine." R., Vol. 3 at 50. But such imprecision is not uncommon in oral pronouncements. The court made clear that it understood what the proper inquiry was when it began its

---

[1] Defendant argues that we cannot affirm on the alternative ground that Defendant failed to establish his future inability to pay because inability to pay a fine in the future is a factual question and the district court made no finding on the matter. We need not address that issue, however, because we affirm on his present ability to pay.

observations on the matter by stating, "[Defendant] here has offered me nothing to show that he cannot pay a fine." *Id.* Thus, our review is limited to determining whether the court clearly erred in finding that Defendant had not met his burden to show inability to pay.

We see no clear error. Defendant is correct that defendants can "'rely and stand upon . . . facts contained in the PSR'" to show inability to pay. Aplt. Br. at 9 (quoting *United States v. Labat*, 915 F.2d 603, 604, 606 (10th Cir. 1990) (overturning fine of $110,823.95 imposed on defendant who was unemployed, whose family was receiving public assistance, and who rented home from sister)). But, as other circuits have recognized, the absence of evidence—particularly a defendant's failure to provide financial information to the probation office—can make it hard for a defendant to carry the burden of persuasion on the issue of financial ability. In *United States v. Tocco*, 135 F.3d 116, 133 (2d Cir. 1998), the court held that it was reasonable for the district court to infer that the defendant "possessed considerably more assets than he admitted," because of his "failure to file tax returns over the past 10 years and his refusal to disclose financial information during pre-sentencing proceedings." It said that it could not "allow a defendant's lack of disclosure at the sentencing phase of the criminal proceedings against him to work to his advantage on an appeal from that sentence." *Id; see United States v. Hairston*, 46 F.3d 361, 376–77 (4th Cir. 1995) ("defendant cannot meet his burden of proof by simply frustrating the court's ability to assess his financial condition"); *United States v. Martinez*, 151 F.3d 384, 396 (5th Cir. 1998) (although the government must produce evidence of ability to pay if the district court has adopted a PSR showing a

4

limited ability to pay, the defendant failed to meet his burden of showing inability "because he did not provide complete financial information to the Probation Department"); *United States v. Soyland*, 3 F.3d 1312, 1315 (9th Cir. 1993) (defendant "failed to carry the burden of showing an inability to pay the fine" when she "refused to provide financial information to the probation officer").[2]

Moreover, there was adequate evidence to indicate that Defendant could have accumulated enough assets before his arrest to now pay a modest $1,000 fine. As the district court observed, Defendant was driving a car when he was arrested and, even accounting for his making some monthly payments to support a child, the difference between income and expenses suggested that Defendant had assets "that he has declined to disclose." R., Vol. 3 at 50. We disagree with Defendant that "evidence in the record establishe[d] inability to pay." Aplt. Reply Br. at 2. We are not saying that the district court was compelled to impose a fine, only that the record did not prohibit imposition of

---

[2] Defendant did not invoke his privilege against self-incrimination in refusing to provide the financial information. But even if he had invoked the privilege, there is a substantial question (which we do not resolve here) whether that would have changed our analysis. In *United States v. Constantine*, 263 F.3d 1122, 1128 (10th Cir. 2001), we recognized that a defendant can invoke the Fifth Amendment at sentencing, but we saw "no merit . . . to [the defendant's] contention that the court enhanced his sentence as retaliation for his refusal to answer questions on the earlier robbery." "Rather," we explained, "as a consequence of his silence he was unable to carry his own burden of proving he was entitled to the requested downward departure. Because the burden was his, the choice between invoking his right against self-incrimination and proving the applicability of mitigating circumstances was also his." *Id.* at 1128–29 (citations and footnote omitted); *see Lee v. Crouse*, 451 F.3d 598, 605 & n.3 (10th Cir. 2006) (the circuit courts "have allowed sentencing courts to rely on, or draw inferences from, a defendant's exercise of his Fifth Amendment rights for purposes other than determining the facts of the offense of conviction").

the fine.

The district court did not commit clear error.  We **AFFIRM** the judgment of the district court.